UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

----------------------------------------------------------------------X

TOWN OF HEMPSTEAD, et al.,

Plaintiffs,

-against-

**MEMORANDUM & ORDER**
24-cv-03263 (JMA) (ARL)

TRIBOROUGH BRIDGE AND TUNNEL
AUTHORITY, et al.,

Defendants.

----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

In May 2024, Plaintiffs Town of Hempstead and Donald X. Clavin Jr., in his official capacity as Town Supervisor, filed this action against Defendants Triborough Bridge and Tunnel Authority (the "TBTA"); Metropolitan Transportation Authority (the "MTA"); Federal Highway Administration of the United States Department of Transportation (the "FHWA"); Shaileen Bhatt, in his official capacity as the Administrator of the FHWA; and Richard J. Marquis, in his official capacity as the Administrator of the New York Division of the FHWA. Plaintiffs challenge the legality of the New York City Congestion Pricing Plan (the "Plan"), which authorizes the TBTA to impose tolls on vehicles entering Manhattan at or below 60th Street, not including the West Side highway or the FDR Drive. (Compl. ¶¶ 18–21, ECF No. 1.)

Before the Court is a renewed motion to transfer this action to the United States District Court for the Southern District of New York filed by the TBTA and the MTA (together, the "Moving Defendants"). (ECF No. 60.) Plaintiffs oppose the motion to transfer, (ECF No. 61), as do the FHWA, Bhatt, and Marquis (together, the "Federal Defendants"), (ECF No. 62). For the reasons set forth below, the motion to transfer venue is DENIED.

1

## I.    BACKGROUND

In 2019, the New York State Legislature enacted a Central Business District Tolling Program (the "Plan"), also known as congestion pricing, which authorizes the TBTA to impose tolls on vehicles as they enter Manhattan's central business district (the "CBD").  (Compl. ¶¶ 18–21); N.Y. Vehicle & Traffic Law §§ 1701, et seq.  The Plan defines the CBD to include lower Manhattan (60th Street and below), excluding the West Side Highway and the FDR Drive. (Compl. ¶ 21.)  The Town of Hempstead is a suburban municipality located in Nassau County with many residents who commute to New York City by car.  (Id. ¶¶ 24–30.)

Plaintiffs assert four claims for relief.  First, Plaintiffs allege that the Plan is ineligible for admission into the FHWA's Value Pricing Pilot Program ("VPPP"), 23 U.S.C. § 149 note, because the Plan employs zone-based pricing, is not otherwise authorized by federal law, and is subject to the Major Questions Doctrine.  (Id. ¶¶ 51–80.)  Second, Plaintiffs allege that the Plan violates the Equal Protection and Due Process clauses of the New York State and U.S. Constitutions by discriminating against people who park their cars in the CBD.  (Id. ¶¶ 81–97.)  Third, Plaintiffs allege that the Plan is an unauthorized tax in violation of the New York State Constitution because the TBTA and the MTA do not possess the authority to impose taxes.  (Id. ¶¶ 98–116.)  Fourth, Plaintiffs allege that the Plan constitutes an excessive fine in violation of the Eighth Amendment to the U.S. Constitution.  (Id. ¶¶ 117–25.)

On May 11, 2024, the TBTA and the MTA filed their first motion to transfer this action to the Southern District of New York, arguing that this action should be handled together with a case that involved the same constitutional claims and was already pending in that district before Judge Seibel, County of Rockland v. Triborough Bridge and Tunnel Auth., No. 24-cv-2285 (S.D.N.Y.). (ECF No. 11.)  Plaintiffs opposed the motion, (ECF No. 14), stressing, inter alia, that the instant suit's statutory claim regarding the VPPP was not raised in Rockland.  The Federal Defendants

2

took no position.  On October 8, 2024, Magistrate Judge Lindsay issued an opinion denying the motion to transfer without prejudice and staying this action.  (ECF No. 37.)  Judge Lindsay found that this action and the Rockland action are "substantially similar" and accordingly held that the first-filed rule applies.  (Id. at 7–9.)  As Judge Lindsay explained, "[w]here the first-filed rule applies, a court may dismiss the second-filed case, transfer it to the first-filed district, or stay the second case pending resolution of the first-filed case."  (Id. at 9–10 (citing Santana v. Cavalry Portfolio Servs., LLC, No. 19-cv-3773, 2019 WL 6173672, at *5 (S.D.N.Y. Nov. 19, 2019)).)  At the time, there was a pending motion to dismiss in the Rockland action.  (Id. at 11.)  Judge Lindsay decided to stay this action pending Judge Seibel's decision on the Rockland motion to dismiss, writing that "allowing that motion to be decided before deciding the Moving Defendants' motion to transfer venue will fulfill the [first-filed] doctrine's goals of achieving fairness and comprehensive disposition of litigation while avoiding inconsistent adjudications and duplication of judicial effort and other inefficiencies."  (Id. at 12.)  The TBTA and MTA did not appeal Judge Linday's decision to this Court.

While the stay imposed by Judge Lindsay was in effect, on February 19, 2025, officials at the FHWA attempted to terminate the VPPP Agreement that authorized the Plan.  See MTA v. Duffy, No. 25-cv-1413, 2026 WL 588117, at *4 (S.D.N.Y. Mar. 3, 2026) (Liman, J.).  In a letter to New York Governor Kathy Hochul, the U.S. Secretary of Transportation Sean Duffy explained the basis for the termination, which closely parallels the Plaintiffs' statutory claim in this case. Secretary Duffy concluded that that the Plan was outside the scope of the VPPP for two reasons: first, because the Plan employed zone-based pricing rather than road-specific tolls, and second, because the Plan authorized tolls calculated to raise funds for projects other than road-related goals. Id.  The MTA immediately sued in the Southern District of New York.

3

On July 14, 2025, Judge Seibel issued an omnibus opinion granting both the <u>Rockland</u> motion to dismiss and a motion to dismiss in a related action, <u>Neuhaus v. TBTA</u>, No. 24-cv-3983 (S.D.N.Y.).  <u>Cnty. of Rockland v. Triborough Bridge & Tunnel Auth.</u>, 791 F. Supp. 3d 433 (S.D.N.Y. 2025).  In that opinion, Judge Seibel rejected equal protection, due process, unauthorized tax, and excessive fine claims identical to the constitutional claims asserted by Plaintiffs in this case.  <u>See</u> <u>id.</u> at 450–56.  On March 3, 2026, Judge Liman granted the MTA's and the TBTA's partial motion for summary judgment in <u>Duffy</u>, ruling that the FHWA's attempted rescission of the Plan violated the Administrative Procedure Act.  <u>Duffy</u>, 2026 WL 588117, at *68 (granting plaintiffs' partial motion for summary judgment and partially granting and partially denying defendants' motion for summary judgment).  Judge Liman found that Secretary Duffy's decision was arbitrary and capricious because the VPPP allows zone-based pricing and allows VPPP-authorized programs to raise funds for purposes other than highway infrastructure.  <u>Id.</u> at *34–41.  Both <u>Rockland</u> and <u>Duffy</u> are now pending on appeal before the Second Circuit.[1]

On December 15, 2025, the Moving Defendants filed the instant motion renewing their request to transfer this action to the Southern District.  (ECF No. 60 ("Mot.").)  Plaintiffs and the Federal Defendants both oppose the motion.  (ECF No. 61 ("Pl. Opp."); ECF No. 62 ("Fed. Def. Opp.").)

## II.    DISCUSSION

### A. <u>The First-Filed Rule</u>

The first-filed rule does not support transferring this action to the Southern District.

---

[1] In addition to <u>Rockland</u>, <u>Neuhaus</u>, and <u>Duffy</u>, there are four other challenges to congestion pricing that were filed in the Southern District.  In an omnibus opinion issued on April 17, 2025, Judge Liman granted summary judgment in favor of the agencies in all four cases, which asserted different causes of action than those alleged in the instant case. <u>See</u> <u>Chan v. U.S. Dep't of Transp.</u>, 782 F. Supp. 3d 39 (S.D.N.Y. 2025).

"The first-filed rule states that, in determining the proper venue, '[w]here there are two competing lawsuits, the first suit should have priority.'" New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010) (quoting D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006)). "This rule 'embodies considerations of judicial administration and conservation of resources' by avoiding duplicative litigation and honoring the plaintiff's choice of forum." Emps. Ins. of Wausau v. Fox Ent. Grp., Inc., 522 F.3d 271, 275 (2d Cir. 2008) (quoting First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 80 (2d Cir. 1989)). The first-filed rule "does not provide an invariable mandate" and is "quite commonly overcome where circumstances warrant." Jonas v. Advance Stores Co., Inc., No. 22-cv-3340, 2023 WL 5718629, at *2 (E.D.N.Y. Sept. 5, 2023).

Here, the only related case in the Southern District that was filed earlier than this case has already been dismissed on the merits. Rockland, 791 F. Supp. 3d 433. The Moving Defendants argue that this Court is bound by Judge Lindsay's prior decision, which held that Rockland was a substantially similar case already pending in the Southern District. (Mot. at 7–8.) However, after finding that the first-filed rule applies, Judge Lindsay decided to stay this action rather than transfer it. Judge Lindsay explained that, "[i]n the event [the Rockland action] is dismissed, this action may proceed, to the extent not impacted by the decision in the Southern District." (ECF No. 37 at 12.) Judge Lindsay denied the motion to transfer without prejudice, leaving the Moving Defendants free to renew their motion and this Court free to decide it. (Id.) Now that the Rockland action is no longer pending in the Southern District, this Court is not persuaded that granting the motion to transfer would conserve judicial resources or avoid duplicative litigation.[2]

---

[2] The Moving Defendants argue that the First-Filed Rule warrants transfer when the earlier action, though dismissed, remains pending on appeal. (See Mot. at 8.) However, in three of the four cases cited by Moving Defendants, the court decided to stay the later-filed action rather than grant transfer. See Molander v. Google LLC, 473 F. Supp. 3d 1013, 1019 (N.D. Cal. 2020); Monroe Staffing Servs., LLC v. Whitaker, No. 20-cv-1716, 2022 WL 684714, at *9 (S.D.N.Y. Mar. 7, 2022); 605 Fifth Prop. Owner, LLC v. Abasic, S.L., No. 21-cv-811, 2021 WL 2737391, at *3 (S.D.N.Y. June 30, 2021). In the fourth, Tenzyk v. Am. Honda Motor Co., No. 18-cv-6121, 2019 WL 6034859, at *3

5

**B.  28 U.S.C. § 1404(a)**

The general transfer analysis also does not support transferring this action.

28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]"  The movant has the burden of establishing by clear and convincing evidence that transfer is warranted.  New York Marine, 599 F.3d at 114.

Courts in the Second Circuit employ a two-part test when analyzing motions to transfer venue.  First, the transferee forum must be one where, "at the time the suit was brought, the defendant was subject to personal jurisdiction and venue would have been proper."  Societe Generale v. Florida Health Scis. Ctr., Inc., No. 03-cv-5615, 2003 WL 22852656, at *7 (S.D.N.Y. Dec. 1, 2003).  Once the transferee forum has been established as a proper venue, the Court considers a number of factors in determining whether transfer is appropriate, including: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties."  New York Marine, 599 F.3d at 112.  However, in the context of motions to transfer venue between the Eastern and Southern Districts of New York, many of these factors are neutral due to the proximity of these two districts.  See Park v. McGowan, No. 11-cv-3454, 2011 WL 6329797, at *4 (E.D.N.Y. Dec. 16, 2011).

---

(E.D.N.Y. Nov. 14, 2019), the court granted transfer where the plaintiffs had conceded that the first-filed rule applied and the earlier-filed action was dismissed for jurisdictional reasons that did not apply to plaintiffs in the later-filed action. Moreover, other district courts have held that the first-filed rule does not apply when the earlier-filed case has been dismissed. See, e.g., Reed v. 1-800-Flowers.com, Inc., 327 F. Supp. 3d 539, 545 (E.D.N.Y. 2018) ("When the first-filed lawsuit is dismissed, it cannot take priority over the second-filed lawsuit, because 'dismissed actions . . . do not constitute currently pending claims under the final judgment rule.'" (quoting AEI Life, LLC v. Lincoln Ben. Life Co., 305 F.R.D. 37, 44 (E.D.N.Y. 2015))). Accordingly, and for other reasons discussed supra, the Court concludes that transfer pursuant to the first-filed rule is not warranted by the circumstances presented in this litigation.

6

Notions of convenience and fairness support litigating this action in the Eastern District.[3] As an initial matter, "plaintiff's choice of forum is entitled considerable weight, and should not be disturbed unless the balance of the several factors is strongly in favor of the defendant." Dow Jones & Co., Inc. v. Perplexity AI, Inc., 797 F. Supp. 3d 305, 336 (S.D.N.Y. 2025) (quoting Alpha Indus., Inc. v. Alpha Clothing Co. LLC, No. 21-cv-87, 2021 WL 2688722, at *12 (S.D.N.Y. June 30, 2021)). The remaining § 1404(a) factors are largely neutral in this case. Although the Moving Defendants are headquartered in Manhattan, they have not shown that it would be inconvenient for them to litigate in the Eastern District. And the Moving Defendants cannot dispute that the Plan will affect many residents of the Eastern District, even if the CBD itself is in the Southern District. Additionally, the Moving Defendants' argument that transfer would conserve judicial resources, (see Mot. at 12–14), is undermined by the fact that every challenge to the Plan that was brought in the Southern District has already been dismissed, including the Rockland case that was most similar to the instant suit. Accordingly, Moving Defendants have not demonstrated by clear and convincing evidence that transfer is warranted.

### III.    CONCLUSION

For the foregoing reasons, the motion to transfer this matter to the U.S. District Court for the Southern District of New York is DENIED. The parties shall confer and, within 30 days of this order, shall submit a joint proposed briefing schedule for the motion to dismiss the Moving Defendants intend to file.

**SO ORDERED.**

Dated:   June 29, 2026
         Central Islip, New York

_____
/s/ JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

---

[3] No party disputes that this action could properly have been brought in the Southern District. (See Pl. Opp. at 15–24; Fed. Def. Opp. at 1–3.)

7